United States District Court
Southern District of Texas
**ENTERED**
September 06, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| STACY L CONNER, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION NO. 2:23-CV-00217 |
| | § |
| KEN PAXTON, *et al.*, | § |
| | § |
| Defendants. | § |

## OPINION AND ORDER OF TRANSFER

Plaintiff Stacy L. Conner, appearing *pro se*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently assigned to the Polunsky Unit in Livingston, Texas. Plaintiff names the following defendants in his complaint: (1) The Texas Court of Criminal Appeals ("TCCA"); (2) Ken Paxton ("AG Paxton"), the Attorney General of Texas; and (3) Texas Governor Greg Abbott ("Governor Abbott"). (D.E. 1, pp. 3-4).

Plaintiff appears to claim that: (1) the TCCA denied him access to the courts by improperly dismissing his 2010 petition for discretionary review ("PDR") as untimely filed under state procedural law; (2) AG Paxton is the official responsible for "upholding all state statutes and enforcing" rights guaranteed to Plaintiff under the United States Constitution; and (3) Governor Abbott is responsible for the conduct of the "Government

Offices" and "holds full empowerment … over every incarcerated individual in" Texas.[1] (D.E. 1, pp. 3-4, 14, 18-20).  In addition to declaratory relief, Plaintiff seeks injunctive relief in the form of compelling Defendants to adhere to their state laws and precedent and recognize his PDR to be filed in a timely manner.  (D.E. 1, pp. 21-22).

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same state, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.  28 U.S.C. § 1391(b).  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

With respect to this action, there is no nexus to the Corpus Christi Division of the Southern District of Texas.  Plaintiff is currently incarcerated at the Polunsky Unit, which is not located within the Corpus Christi Division of this Court.  Governor Abbott and Attorney General Paxton reside and work in Austin, Texas, which lies within the Austin Division of the Western District of Texas.  The TCCA, which issued the decision to dismiss Plaintiff's PDR, also can be found in Austin, Texas.  Because each named defendant resides in Austin, Texas, and the events forming the basis of his denial-of-access-to-courts claim

---

[1] Plaintiff previously has sought to challenge the TCCA's dismissal of his PDR as untimely through a petition for writ of mandamus as well as a habeas corpus petition under 28 U.S.C. § 2254. In 2011, the United States District Court for the Eastern District Court of Texas dismissed Plaintiff's petition for writ of mandamus. *Conner v. Tex. Court of Crim. App.*, No. 1:10cv816, 2011 WL 13186245 (E.D. Tex. Jan. 14, 2011), *recommendation adopted*, 2011 WL 13186246 (E.D. Tex. Jul. 25, 2011), *aff'd*, 481 F. App'x 952 (5th Cir. Jul. 26, 2012). In 2021, the United States District Court for the Northern District of Texas denied and dismissed with prejudice Plaintiff's habeas corpus petition. *Conner v. Director, TDCJ-CID*, No. 5:18-CV-00175-H, 2021 WL 10281485 (N.D. Tex. Jul. 27, 2021).

occurred there, the interests of justice would be served by transferring this case to the Austin Division of the Western District of Texas.

Accordingly, **IT IS ORDERED** that this case is **TRANSFERRED** to the United States District Court for the Western District of Texas, Austin Division. The Clerk is **DIRECTED** to close this case.

ORDERED on September 6, 2023.

_____
Jason B. Libby
United States Magistrate Judge