**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

**STACY L. CONNER #01428940,**
                                **Plaintiff,**

**V.**                                                                    **Case No.  A-23-CV-01058-DII**

**KEN PAXTON,**
**et al.,**
                                **Defendants.**

_____

## ORDER

Plaintiff Stacy L. Conner, appearing *pro se*, filed a prisoner civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. After consideration of the complaint, it is dismissed.

## BACKGROUND

Plaintiff sues Texas Attorney General Ken Paxton, Governor Greg Abbott, and the Texas Court of Criminal Appeals. He claims (1) the TCCA denied him access to the courts by improperly dismissing his 2010 petition for discretionary review (PDR) as untimely filed under state procedural law, (2) Paxton is the official responsible for "upholding all state statutes and enforcing" rights guaranteed to Plaintiff under the United States Constitution, and (3) Governor Abbott is responsible for the conduct of the "Government Offices" and "holds full empowerment . . . over every incarcerated individual in" Texas.  In addition to declaratory relief, Plaintiff seeks injunctive relief in the form of compelling Defendants to adhere to their state laws and precedent and recognize his PDR to be filed in a timely manner.

Plaintiff is serving a life sentence for aggravated robbery out of the 137th Judicial District Court of Lubbock County, Texas.  He timely filed a notice of appeal, but on April 29, 2009, the

Seventh Court of Appeals affirmed the conviction. *See Conner v. State*, No. 07-07-0148-CR, 2009 WL 1148903 (Tex. App. – Amarillo Apr. 29, 2009, pet. dis'd). Plaintiff sought, and was granted, two extensions of time to file his PDR, making his due date January 14, 2010. Plaintiff asserts he deposited his PDR in the prison mail system on January 13, 2010. On March 17, 2010, the TCCA dismissed the PDR, finding that it was untimely. Plaintiff filed a motion for reconsideration, but the Clerk of the TCCA rejected the motion for non-compliance.

Plaintiff subsequently filed a variety of motions and actions in state and federal courts to challenge the finding that his PDR was untimely. This includes a petition for writ of mandamus in the United States District Court for the Eastern District of Texas, Beaumont Division. Plaintiff filed his complaint on or about December 21, 2010, and the court dismissed it on July 26, 2011. (*See* No. 1:10-CV-00816, Dkt. No. 6). Plaintiff appealed the dismissal, but the Fifth Circuit Court of Appeals affirmed the judgment on July 26, 2012. That court concluded "[e]ven if [Conner's] complaint is treated as arising under § 1983, it fails to state a cognizable denial-of-access-to-the-courts claim because [Conner] was allowed to prepare and transmit his PDR to the state court." *See Conner v. Texas Court of Criminal Appeals*, 481 F. App'x 952, 953 (5th Cir. 2012). The United States Supreme Court denied Plaintiff's petition for writ of certiorari on November 8, 2016. *See Conner v. State*, 137 S. Ct. 502 (2016).

DISCUSSION AND ANALYSIS

A.    Standard Under 28 U.S.C. § 1915(e)

An *in forma pauperis* proceeding may be dismissed *sua sponte* under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal

for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972).  However, the plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.   Mandamus

Plaintiff's complaint is construed as a petition seeking mandamus relief.  "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).  Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  Federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought."  *Moye v. Clerk, Dekalb County Sup. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973).

The defendants named by Plaintiff are not officers or employees of the United States or any federal agency.  Consequently, this Court is without power to order them to take particular action with regard to Plaintiff's PDR.  As such, Plaintiff's claims against these defendants are frivolous. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ

of mandamus as frivolous because federal courts lack power to mandamus state courts in the performance of their duties).

### C.     Access to Courts

Plaintiff's claims are duplicative of claims raised in his earlier complaint.  The Fifth Circuit Court of Appeals has already rejected Plaintiff's access-to-courts claim.  That court concluded "[e]ven if [Conner's] complaint is treated as arising under § 1983, it fails to state a cognizable denial-of-access-to-the-courts claim because [Conner] was allowed to prepare and transmit his PDR to the state court." *See Conner v. Texas Court of Criminal Appeals*, 481 F. App'x 952, 953 (5th Cir. 2012).

### D.     Statute of Limitations

Plaintiff's complaint fails for the additional reason that it is time-barred.  The statute of limitations for a section 1983 claim is determined by the forum state's limitations period for personal injury torts. *Wallace v. Kato*, 549, U.S. 384, 387 (2007).  In Texas, that is two years from the date the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *Schaefer v. Gulf Coast Regional Blood Ctr.*, 10 F.3d 327, 331 (5th Cir. 1994).  However, federal law determines when a § 1983 cause of action accrues.  *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993).  A cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action.  *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

Plaintiff admits he knew in 2010 that the TCCA dismissed his PDR as untimely.  Plaintiff had reason to know of his injury in 2010.  However, Plaintiff did not execute his complaint until August 23, 2023, long after the limitations period had expired.

CONCLUSION

Plaintiff's complaint is in reality a request for mandamus relief over which this Court has no jurisdiction.  Even if the complaint was considered a civil rights complaint, it is duplicative of an earlier filed complaint where the appellate court found Plaintiff failed to state a claim upon which relief can be granted.  In addition, his complaint is barred by the applicable statute of limitations.

Ordinarily, the Court would allow a pro se plaintiff to amend his complaint to correct the deficiencies described by the Court.  However, in this case the Court is of the opinion Plaintiff has alleged his best case against these defendants and any future amendment would be futile.

It is therefore **ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** as frivolous or for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further **ORDERED** that the Clerk of Court shall forward a copy of the Court's Order and Final Judgment to the keeper of the three-strikes list.

**SIGNED** on September 11, 2023.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE